SEALED   2:19mj173
         2:19mj174

MAR 15 2019

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer Richard Stocks, of the United States Department of Justice, Drug Enforcement Administration, being duly sworn depose and state the following:

### Experience and Training

1. I am an investigative or law enforcement officer of the United States of America within the meaning of Section 2510(7) of Title 18, United States Code (USC), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been employed as a Norfolk Police Officer since September 2002. I have been assigned to the Norfolk Police Department's Vice and Narcotics Division since February of 2007. From September of 2010 to May of 2015, I was assigned as a Task Force Officer to the FBI office in Norfolk. I have been assigned as a Task Force Officer to the DEA High Intensity Drug Trafficking Area (HIDTA) task force in Norfolk since May 2015. While assigned to the Norfolk Police Department Recruit Academy, I received eight hours of entry level law enforcement training regarding packaging, characteristics and manner of distribution of illegal narcotics. While assigned to the Second Patrol Division and Bicycle Patrol, I affected numerous arrests regarding narcotics violations, and became familiar with the packaging, characteristics and manner of distribution of illegal street level narcotics. I was also involved in numerous surveillance operations regarding the buying and selling of narcotics, and I was responsible for authoring and executing numerous search warrants during that time. I have attended narcotics and interdiction training programs and also participated in the Top Gun School put on by the Commonwealth Attorney's Council. I have also obtained a Title 18 Special Deputation of Justice through the United States Marshals Service.

3. I am familiar with the facts and circumstances of this investigation as a result of information received by me and summarized in reports I have reviewed. I have compiled information derived from discussions with experienced law enforcement officers. This affidavit contains a probable cause statement

RAS  LRL

to support the issuance of an arrest warrant for the violation alleged and does not contain all the information known to me regarding the defendant. Based upon my experience and training, this affidavit is being made in support of a criminal complaint charging Juan Carlos GOMEZ-ALVAREZ and Ricardo PEREZ-HERNANDEZ with conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 846.

## Background

4. Over the past several months the Drug Enforcement Administration (DEA) Norfolk Resident Office (NRO) and the Norfolk Police Department (NPD) have been conducting a joint investigation into the Ricardo PEREZ-HERNANDEZ Drug Trafficking Organization (DTO) in Hampton Roads, Virginia Eastern District of Virginia (EDVA). This Drug Trafficking Organization (DTO) expands from Hampton Roads, Virginia to North Carolina with ties to Texas and Honduras. During a cellular telephone analysts for Ricardo PEREZ-HERNANDEZ's cellular telephone, investigators received a de-confliction notification with the Norfolk Police Departments target, Juan Carlos GOMEZ-ALVAREZ. Investigators learned that Juan Carlos GOMEZ-ALVAREZ was one of the top callers for Ricardo PEREZ-HERNANDEZ. While the Drug Enforcement Administration (DEA) utilized a Confidential Source (CS) to conduct controlled purchases of cocaine from Ricardo PEREZ-HERNANDEZ, the Norfolk Police Department (NPD) utilized an Under Cover (UC) Police Officer to conducted controlled purchases of cocaine from additional Drug Trafficking Organization (DTO) members to include, but not limited to Juan Carlos GOMEZ-ALVAREZ. During this investigation it was determined through investigative means that Ricardo PEREZ-HERNANDEZ is the Source Of Supply (SOS) for Juan Carlos GOMEZ-ALVAREZ.

## Undercover (UC) Police Officer

5. Over the past several months, the UC received information in reference to the illegal distribution of cocaine from Juan Carlos GOMEZ-ALVAREZ in Norfolk, Virginia. Though investigative

RAS JRL

means, the UC was able to establish an address and cellular telephone number for Juan Carlos GOMEZ-ALVAREZ. The UC was able to make a cellular telephone call to Juan Carlos GOMEZ-ALVAREZ. During this cellular telephone communication, Juan Carlos GOMEZ-ALVAREZ agreed to sell the UC a quantity of cocaine at a later date.

6. On November 13, 2018, the Under Cover (hereinafter UC) brokered a deal for an 8ball (3.5 grams) of cocaine for $250 in United States Currency at 7920 Chesapeake Boulevard, Norfolk, Virginia, from Juan Carlos GOMEZ-ALVAREZ. The suspected cocaine was field tested, yielding a positive result for the presence of cocaine. The suspected cocaine was placed on a voucher, submitted to the Norfolk Police Departments Property and Evidence Division, and later sent to the Virginia State Lab for analysis.

7. On December 27, 2018, the UC brokered a deal for one half (1/2) ounce of cocaine for $650 United States Currency at 7948 Woodall Road, Trailer #30, Norfolk, Virginia, from Juan Carlos GOMEZ-ALVAREZ. The suspected cocaine was field tested, yielding a positive result for the presence of cocaine. The suspected cocaine was placed on a voucher, submitted to the Norfolk Police Departments Property and Evidence Division, and later sent to the Virginia State Lab for analysis.

8. On December 28, 2018, the UC brokered a deal for one (1) ounce of cocaine for $1,300 United States Currency at 7948 Woodall Road, Trailer #30, Norfolk, Virginia, from Juan Carlos GOMEZ-ALVAREZ. The suspected cocaine was field tested, yielding a positive result for the presence of cocaine. The suspected cocaine was placed on a voucher, submitted to the Norfolk Police Departments Property and Evidence Division, and later sent to the Virginia State Lab for analysis.

9. On January 11, 2019, after learning that Ricardo PEREZ-HERNANDEZ was a possible Source Of Supply (SOS) for Juan Carlos GOMEZ-ALVAREZ, investigators set up a position of surveillance at Ricardo PEREZ-HERNANDEZ's residence located at 9600 20th Bay Street, Apartment D, Norfolk, Virginia, prior to the UC calling Juan Carlos GOMEZ-ALVAREZ to broker a deal for one (1) ounce of cocaine. After establishing surveillance on 9600 20th Bay Street, Apartment D, Norfolk, Virginia, the UC placed a cellular

RAS LRL

telephone call to Juan Carlos GOMEZ-ALVAREZ to place an order for one (1) ounce of cocaine. Juan Carlos GOMEZ-ALVAREZ advised the UC that he would have to call the UC back once he had the one (1) ounce of cocaine. Surveillance then observed Ricardo PEREZ-HERNANDEZ exit his residence, get into his silver Ford F150, and drive straight to Juan Carlos GOMEZ-ALVAREZ residence located at 7948 Woodall Road, Trailer #30, Norfolk, Virginia. After a few minutes, surveillance observed seeing Ricardo PEREZ-HERNANDEZ leave the residence. A few minutes later, the UC received a cellular telephone call from Juan Carlos GOMEZ-ALVAREZ advising the UC that he was ready to conduct the transaction. Juan Carlos GOMEZ-ALVAREZ directed the UC to come to 7948 Woodall Road, Trailer #30, Norfolk, Virginia. The UC drove to this location and exchanged $1,300 in United States Currency for the one (1) ounce of cocaine. The suspected cocaine was field tested, yielding a positive result for the presence of cocaine. The suspected cocaine was placed on a voucher, submitted to the Norfolk Police Departments Property and Evidence Division, and later sent to the Virginia State Lab for analysis.

### Confidential Source (CS)

10. In December 2018, a Confidential Source (hereinafter CS) was interviewed by DEA and advised that Ricardo PEREZ-HERNANDEZ was a local supplier of cocaine. The CS further stated that Ricardo PEREZ-HERNANDEZ travels out of town to purchase his cocaine. The CS supplied law enforcement with a cellular telephone number for Ricardo PEREZ-HERNANDEZ of 757-907-7294. A records check of the target number revealed subscriber information of Ricardo HERNANDEZ with an address of 9600 20th Bay Street, Apartment D, Norfolk, Virginia. In addition, the CS supplied law enforcement with a Virginia State Tag of Ricardo PEREZ-HERNANDEZ's silver Ford F150 of VYW-4749. A Department of Motor Vehicles check revealed the vehicle was registered to Ricardo Daniel PEREZ-HERNANDEZ, DOB:12/21/83, and having an address of 9600 20th Bay Street, Apartment D, Norfolk, Virginia. Law Enforcement was able to obtain a photo of Ricardo PEREZ-HERNANDEZ and showed the

RAS LRL

photo to the CS. The CS verified that the photo before him/her was the same individual requesting to sell the CS cocaine.

11. On December 6, 2018, investigators used the CS to set up a controlled purchase of two (2) ounces of cocaine from Ricardo PEREZ-HERNANDEZ for $2,600 at a shopping center on Virginia Beach Boulevard in Virginia Beach, VA. Agents met with the CS at a pre-determined neutral staging location, where the CS' vehicle and person were searched for contraband and/or unreported currency, with negative results. The CS was then equipped with digital recording/monitoring devices, and given $2,600 of DEA official funds to complete the transaction. The CS was briefed as to safety concerns regarding this operation, and was directed to go straight to the proposed meeting location. Surveillance followed the CS to this location, maintained a visual on the CS. Once the CS arrived, surveillance observed Ricardo PEREZ-HERNANDEZ pull up to the location in his silver Ford F150 and park near the CS' vehicle. The CS then exited his/her vehicle and got into Ricardo PEREZ-HERNANDEZ's vehicle. After a few minutes, surveillance observed the CS exit Ricardo PEREZ-HERNANDEZ's vehicle and got back into his/her vehicle. Surveillance maintained a visual on the CS throughout the duration of the controlled purchase. While traveling back to the neutral staging location, the CS made no stops and had no contact with any other individuals. Once the CS arrived, the digital recording devices were deactivated and the CS turned over a plastic bag containing suspected cocaine. The CS' vehicle and person were once again searched, locating no contraband or unreported cash. The suspected cocaine was properly packaged and vouchered and sent to the DEA Mid-Atlantic Laboratory for analysis which came back as 53.22 grams of cocaine.

12. On January 3, 2019, investigators used the CS to set up a controlled purchase of two (2) ounces of cocaine from Ricardo PEREZ-HERNANDEZ for $2,600 at a shopping center on East Little Creek Road, Norfolk, Virginia. Agents met with the CS at a pre-determined neutral staging location, where the CS' vehicle and person were searched for contraband and/or unreported currency, with negative results. The CS was then equipped with digital recording/monitoring devices, and given $2,600 of DEA official funds to

RAS LRL

complete the transaction. The CS was briefed as to safety concerns regarding this operation, and was directed to go straight to the proposed meeting location. Surveillance followed the CS to this location, maintained a visual on the CS. Once the CS arrived, surveillance observed Ricardo PEREZ-HERNANDEZ pull up to the location in his silver Ford F150 and park near the CS' vehicle. The CS then exited his/her vehicle and got into Ricardo PEREZ-HERNANDEZ's vehicle. After a few minutes, surveillance observed the CS exit Ricardo PEREZ-HERNANDEZ's vehicle and got back into his/her vehicle. Surveillance maintained a visual on the CS throughout the duration of the controlled purchase. While traveling back to the neutral staging location, the CS made no stops and had no contact with any other individuals. Once the CS arrived, the digital recording devices were deactivated and the CS turned over a plastic bag containing suspected cocaine. The CS' vehicle and person were once again searched, locating no contraband or unreported cash. The suspected cocaine was properly packaged and vouchered and sent to the DEA Mid-Atlantic Laboratory for analysis which came back as 55.32 grams of cocaine.

13. On February 12, 2019, investigators used the CS to set up a controlled meeting between the CS and Ricardo PEREZ-HERNANDEZ at an establishment on Military Highway in Norfolk, Virginia. The purpose of said meeting was for the CS and Ricardo PEREZ-HERNANDEZ to discuss the future purchase of one (1) kilogram of cocaine from Ricardo PEREZ-HERNANDEZ. Prior to said meeting, The CS was then equipped with digital recording/monitoring devices, and directed to go straight to the proposed meeting location. Surveillance followed the CS to this location. Surveillance then observed the CS enter the establishment. A few minutes later, surveillance observed Ricardo PEREZ-HERNANDEZ pull up to the location in the same silver Ford F150 he utilized to conducted previous controlled purchases. Surveillance then observed Ricardo PEREZ-HERNANDEZ enter the establishment. Ricardo PEREZ-HERNANDEZ could be heard advising the CS that he would need to travel out of town to pick up the one (1) kilogram of cocaine and would be able to sell the one (1) kilogram of cocaine to the CS on or about February 25, 2019.

RAS LRL

14. On February 22, 2019, the UC contacted Juan Carlos GOMEZ-ALVAREZ via cellular telephone. During this conversation the UC requested to purchase one (1) kilogram of cocaine from Juan Carlos GOMEZ-ALVAREZ and inquired about price and availability. Juan Carlos GOMEZ-ALVAREZ advised the UC that he would have to call his Source Of Supply (SOS) and then call the UC back. A few minutes later, Juan Carlos GOMEZ-ALVAREZ called the UC back and advised the UC that his SOS would have to travel out of town to get the one (1) kilogram of cocaine, the price would be $38,000 United States Currency, and the one (1) kilogram of cocaine would be available within the next several days. Cellular telephone data collected revealed that once the UC hung up with Juan Carlos GOMEZ-ALVAREZ, he called Ricardo PEREZ-HERNANDEZ, then called the UC back once Juan Carlos GOMEZ-ALVAREZ hung up with Ricardo PEREZ-HERNANDEZ.

15. On February 23, 2019, investigators conducted mobile tracking surveillance via cellular telephone search warrant on Ricardo PEREZ-HERNANDEZ's cellular telephone number 757-907-7294. Investigators observed the cellular telephone data information that the target phone left the State of Virginia and was traveling into North Carolina. Investigators observed the target phone stationary for about thirty (30) minutes in the area of Archdale, North Carolina. Investigators responded to route 58 in hopes of intercepting Ricardo PEREZ-HERNANDEZ prior to him arriving at his residence. Due to the uncertainty of the cellular data location, surveillance was unable to intercept Ricardo PEREZ-HERNANDEZ prior to arriving at his residence. Surveillance was maintained on his residence located at 9600 20th Bay Street, Apartment D, Norfolk, Virginia. Surveillance observed Ricardo PEREZ-HERNANDEZ arrive at his residence driving a small red vehicle bearing Florida State Tag BNZX55 along with three (3) small Hispanic female children. Investigators later ran Florida State Tag BNZX55 and learned that said vehicle was rented from Enterprise Rental by Ricardo PEREZ-HERNANDEZ. On this same date, the UC received several calls from Juan Carlos GOMEZ-ALVAREZ advising the UC that Juan Carlos GOMEZ-ALVAREZ would be able to conduct the transaction on this same date, but the UC advised him that the UC was unable to

RAS LRL

conduct the transaction on this same date. The UC would receive several calls over the next few days from Juan Carlos GOMEZ-ALVAREZ, which were unanswered by the UC.

16. On February 26, 2019, the UC received a cellular telephone call from Juan Carlos GOMEZ-ALVAREZ advising the UC that he was ready to conduct the transaction. Previous conversations between the UC and Juan Carlos GOMEZ-ALVAREZ stated that Juan Carlos GOMEZ-ALVAREZ would need to count the United States Currency, then leave the UC with the United States Currency, go pick up the one (1) kilogram of cocaine (believed to be from Ricardo PEREZ-HERNANDEZ), and come back to the UC to conduct the transaction. During this conversation on February 26, 2019, the UC advised Juan Carlos GOMEZ-ALVAREZ that he did not feel comfortable showing him the United States Currency prior to seeing the one (1) kilogram of cocaine. Juan Carlos GOMEZ-ALVAREZ advised the UC that he would need to call his Source Of Supply (SOS) then call the UC back. A few minutes later, Juan Carlos GOMEZ-ALVAREZ called the UC back and advised the UC that his Source Of Supply (SOS) was not comfortable showing the UC the one (1) kilogram of cocaine prior to seeing the United States Currency. After talks failed, the operation was terminated. Also on February 26, 2019, the CS received a cellular telephone message via Whatsapp that Ricardo PEREZ-HERNANDEZ had a one (1) kilogram transaction scheduled for February 26, 2019, but would be able to conduct the one (1) kilogram of cocaine with the CS on February 27, 2019.

17. On February 27, 2019, investigators met with the CS at a neutral staging location for the purpose of making a controlled purchase of one (1) kilogram of cocaine for $38, 000.00 in United States Currency form Ricardo PEREZ-HERNANDEZ. It should be noted, it was never the DEA's intentions to supply the CS with the $38,000.00 in United States Currency. As instructed by investigators, the CS contacted Ricardo PEREZ-HERNANDEZ via cellular telephone 757-907-7294 to advise Ricardo PEREZ-HERNANDEZ that the CS was ready to conduct the transaction. The CS stated that Ricardo PEREZ-HERNANDEZ would advise the CS on where he would meet the CS to conduct the transaction.

RAS LRL

Investigators searched the CS and the CS' vehicle for any contraband and unreported United States Currency. No contraband or unreported United States Currency was found. Investigators equipped the CS with a recording device which was activated for safety and to corroborate the CS' actions during the operation. Investigators gave the CS specific instructions as it pertained to the meeting/transaction with Ricardo PEREZ-HERNANDEZ. Investigators directed the CS to meet with Ricardo PEREZ-HERNANDEZ and demand to see the one (1) kilogram of cocaine prior to introducing the United States Currency to the transaction. Investigators further stated that if Ricardo PEREZ-HERNANDEZ demands to see the United States Currency prior to the transaction, the CS is to walk away from the transaction. The CS then received a cellular telephone call from Ricardo PEREZ-HERNANDEZ advising the CS to come to Mi Tierra Mayas Mexican restaurant located at 7920 Chesapeake Boulevard, Norfolk, Virginia, to conduct the transaction.

18. Prior to the meeting with the CS, assisting members of the investigative team established surveillance at Ricardo PEREZ-HERNANDEZ's residence located at 9600 20th Bay Street, Apartment D, Norfolk, Virginia. At approximately 3:00pm, Investigators observed and reported seeing Ricardo PEREZ-HERNANDEZ exit his front door, wearing a grey and black sweatshirt carrying a large plastic bag, which was captured by video surveillance. Investigators then reported seeing Ricardo PEREZ-HERNANDEZ place the plastic bag into the rear driver's side floorboard of his silver Ford F150 and left the area. This is the same silver Ford F150 that Ricardo PEREZ-HERNANDEZ drove to pervious controlled purchases. Assisting members of the investigative team conducted moving surveillance on Ricardo PEREZ-HERNANDEZ. Surveillance followed Ricardo PEREZ-HERNANDEZ to a carwash on E. Little Creek Road, Norfolk, Virginia, where he picked up an Hispanic male (later identified as Andy CACEREZ), then drove to Mi Tierra Mayas Mexican restaurant located at 7920 Chesapeake Boulevard, Norfolk, Virginia. Surveillance observed Ricardo PEREZ-HERNANDEZ pull into the parking lot of the restaurant and drop off CACEREZ, who went inside of the restaurant. Surveillance then observed Ricardo PEREZ-HERNANDEZ exit the parking lot, drive to the rear of the restaurant and park in a parking space. A few seconds later, surveillance

RAS

observed a small grey vehicle pull up next to Ricardo PEREZ-HERNANDEZ and engage in a conversation. After a brief conversation, surveillance observed the driver of the small grey vehicle (later identified as Miguel VILLEDA-MARTINEZ) exit his vehicle at the same time surveillance observed Ricardo PEREZ-HERNANDEZ exit his vehicle. Surveillance then observed Ricardo PEREZ-HERNANDEZ hand VILLEDA-MARTINEZ the same plastic bag that Ricardo PEREZ-HERNANDEZ was seen carrying when he left his residence. Surveillance then observed VILLEDA-MARTINEZ put the plastic bag into the rear floorboard of his vehicle. Once VILLEDA-MARTINEZ placed the plastic bag inside of his vehicle, surveillance observed both individuals get into Ricardo PEREZ-HERNANDEZ's vehicle, drive to the front of the restaurant, park, and go inside of the restaurant. Investigators maintained a visual on the grey vehicle with the plastic bag inside. At no time did any unknown person(s) make contact with this vehicle.

19. At approximately 4:25pm, after briefing the CS, the CS left the neutral staging location, followed by investigators. At approximately 4:33pm, the CS arrived at the location and as directed by investigators, the CS pulled to the rear of the location. The CS could be heard calling Ricardo PEREZ-HERANANDEZ and advising Ricardo PEREZ-HERNANDEZ that the CS had arrived at the restaurant and advised Ricardo PEREZ-HERNANDEZ that he/she was parked in the rear of the location. At approximately 4:38pm, surveillance observed Ricardo PEREZ-HERNANDEZ exit the restaurant, walk to the rear of the restaurant and engage in a conversation with the CS. During said meeting, Ricardo PEREZ-HERNANDEZ could be heard demanding to see the United States Currency prior to him showing the CS the one (1) kilogram of cocaine. The CS could also be heard demanding to see the one (1) kilogram of cocaine prior to showing Ricardo PEREZ-HERANDEZ the United States Currency. Ricardo PEREZ-HERNANDEZ could also be heard advising the CS that he had the one (1) kilogram in a car parked nearby. After the CS nor Ricardo PEREZ-HERNANDEZ would give in to the other's demands, and as directed by investigators, the CS ended the conversation and left the area. With Ricardo PEREZ-HERNANDEZ's action prior to this date, his action on this date, and the totality of this investigation, all factors lead to support probable cause that

RAS LRL

Ricardo PEREZ-HERNANDEZ was currently in possession of one (1) kilogram of cocaine.

20. At approximately 4:57pm, surveillance observed Ricardo PEREZ-HERNANDEZ, VILLEDA-MARTINEZ, and CACERS, exit the restaurant, get into Ricardo PEREZ-HERNANDEZ's vehicle, and drive to the rear parking lot where VILLEDA-MARTINEZ's vehicle was parked. Surveillance observed VILLEDA-MARTINEZ exit Ricardo PEREZ-HERNANDEZ's vehicle and open the front door driver's side door of his vehicle. At this time the arrest single was given, and assisting members of the investigative team moved in and detained VILLEDA-MARTINEZ. Other assisting members of the investigative team detained Ricardo PEREZ-HERNANDEZ and CACERES, who both attempted to flee the area and had to be boxed in by law enforcement. During a spontaneous statement, VILLEDA-MARTINEZ stated that Ricardo PEREZ-HERNANDEZ asked him if Ricardo PEREZ-HERNANDEZ could place a plastic bag inside of his vehicle, but did not know what was inside of the plastic bag. A search of the vehicle yielded a plastic bag that contained approximately one (1) kilogram of suspected cocaine. Investigators collected the one (1) kilogram of suspected cocaine and maintained control of the suspected cocaine. All three (3) individuals involved in the incident were then transported to the Norfolk Police Department's Police Operation Center. A field test was conducted on the suspected cocaine, yielding a positive result for the presence of cocaine.

21. Prior to this event, investigators obtained a search warrant for Ricardo PEREZ-HERNANDEZ's resident located at 9600 20th Bay Street, Apartment D, Norfolk, Virginia. At approximately 5:41pm, a search warrant was executed at 9600 20th Bay Street, Apartment D, Norfolk, Virginia. During the execution of the search warrant, there were three (3) small Hispanic female children inside of the residence. During a search of the residence approximately one (1) ounce of suspected cocaine, a digital scale, packaging material, and paperwork bearing the name Ricardo PEREZ-HERNANDEZ was recovered. A field test was conducted on the suspected cocaine recovered from the residence, yielding a positive result.

RAS LN

22. Based on the above facts, I believe probable cause exists to charge Ricardo PEREZ-HERNANDEZ and Juan Carlos GOMEZ-ALVAREZ with conspiracy to distribute cocaine, Schedule II narcotic controlled substance respectively, in violation of Title 21, United States Code, Section 846, and ask that a warrant be issued for their arrest.

Further, your affiant sayeth naught.

*[signature]*
Task Force Officer Richard Stocks
Drug Enforcement Administration

READ AND REVIEWED: *[signature]* AUSA Comstock

Subscribed to and sworn before me this 15th day of March, 2019.

*[signature]*
Lawrence R. Leonard
United States Magistrate Judge